UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff<br><br>v.<br><br>ISAIAS RODRIGUEZ,<br><br>　　Defendant. | Criminal Action No. 98-cr-00328 (JXN)<br><br>**OPINION** |

**NEALS**, District Judge

　　This matter comes before the Court on Defendant Isaias Rodriguez's ("Rodriguez") motion for a reduction in sentence ("compassionate release") pursuant to 18 U.S.C. § 3582(c). (ECF No. 27.) The Government filed a response. (ECF No. 31.) Rodriguez did not file a reply. For the reasons stated herein, the motion is dismissed as moot.

**I.　BACKGROUND**

　　On May 29, 1998, Rodriguez was charged in a one-count indictment alleging conspiracy to defraud the United States, to wit, a fraud involving food stamps. (ECF No. 1.) On September 30, 1998, Rodriguez pleaded guilty to the to the sole count pursuant to a plea agreement. (ECF Nos. 13, 14.) On January 22, 1998, the Honorable Alfred J. Lechner, Jr. (ret) ("Judge Lechner") sentenced Rodriguez to a term of twenty-four (24) months with three (3) years of supervised release; restitution to the United States Department of Agriculture was ordered in the amount of $181,791.85. (ECF No. 16.) Rodriguez paid the $100 special assessment that was due immediately. (*Id.*) Sometime thereafter, Rodriguez fled to the Dominican Republic, his native country. (*Id.* at 1-2.)

　　On March 30, 1999, Judge Lechner granted a petition for action on conditions of pretrial

release by the Government for issuance of an arrest warrant. (ECF No. 18.) The warrant for failure to surrender to the United States Marshals Service was issued the same day. (*Id*.) Rodriguez was apprehended twenty-three years later, in 2022, and sent to the Bureau of Prisons ("BOP") to serve the twenty-four (24) month sentence Judge Lechner imposed on him in 1999. (ECF Nos. 16, 24.)

On April 10, 2023, Rodriguez filed the instant motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (ECF No. 27.)[1] In his motion, Rodriguez states that his conviction was "for a single crime: he was an essentially destitute man convicted of a food stamp fraud." (*Id*. at 11.) He claims that he fled to the Dominican Republic "out of a moment of panic" and "built a new, stable life as a result of going on the lam." (*Id*.) Rodriguez states he is seeking a sentence reduction to time served so he can return to the Dominican Republic and continue to care for the three children he did not have when he was sentenced in 1999. (*Id*. at 4.). Rodriguez notes that he is subject to an Immigrations and Customs Enforcement ("ICE") detainer and will be deported upon his release. (*Id*. at 19.)

On February 2, 2024, the Government filed a response informing the Court that after completing his term of imprisonment, Rodriguez was released from BOP custody on September 8, 2023. (*See* ECF No. 31 at 2.) The Government also provided documentary evidence indicating that Rodriguez was, in fact, released. (*See id*., Ex. 1, Excerpt of Public Information Inmate Data.) Moreover, the Government also notes that according to the U.S. Immigration and Customs Enforcement, Rodriguez was deported to the Dominican Republic on November 7, 2023. (*See id*.

---

[1] The CARES Act has its own specialized exhaustion requirement. The power to file a compassionate release motion under section 3582(c)(1)(A) is lodged in the first instance with the BOP. Only after the BOP has denied the defendant's application or after 30 days have elapsed without a decision by the BOP can the defendant file a motion in court. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. Apr. 2, 2020) (denying remand of appeal seeking compassionate release as futile in light of lack of exhaustion).

Rodriguez filed a request for compassionate release with Warden Thomson of FCI Allenwood on September 19, 2022. (*See* ECF No. 27 at 3; *id*., Ex. B, Request to Warden at 1-2.) More than 30 days passed without a decision before he filed his motion here.

2

at 2.) As Rodriguez is no longer in the custody of the BOP, and his motion sought only a reduction in the term of his imprisonment, the Government argues that this matter should be denied as moot. (*Id*.)

## II.  LEGAL STANDARD

Under the First Step Act, a court may afford a defendant "compassionate release for 'extraordinary and compelling reasons.'" *United States v. Sellers*, Crim. No. 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020) (quoting 18 U.S.C. § 3582(C)(1)(A)(i)). Before bringing a motion for a reduced sentence on their own behalf, defendants first must ask the Bureau of Prisons ("BOP") to do so on their behalf, give BOP thirty days to respond, and exhaust any available administrative appeals. *United States v. Raia*, 953 F.3d 594 (3d Cir. 2020) (citing § 3582(c)(1)(A)). "Thus, under the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Sellers*, 2020 WL 1972862 at *1 (citing 18 U.S.C. § 3582(C)(1)(A)).

At this second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3852(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Pabon*, Crim. No. 17-165-1, 2020 WL 2112265, at *2 (E.D. Pa. May 4, 2020).

## III.  DISCUSSION

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial

3

proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from custody, a challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009).

In this matter, Rodriguez sought a reduction of his sentence to time served and to be ordered to be released to Immigration and Customs Enforcement custody for removal to the Dominican Republic. (ECF No. 27 at 20.) As noted above, Rodriguez was released from the BOP after completing his sentence, and he is not serving supervised release because he has been deported to the Dominican Republic. Because Rodriguez no longer has a concrete, redressable injury, this Court cannot grant him the relief he is seeking, and his motion is therefore **moot**. *Spencer*, 523 U.S. at 7; *Burkey*, 556 F.3d at 146-50. Rodriguez's motion shall be, therefore, **dismissed**. An appropriate Order shall be entered.

**Dated**: February 9, 2024

JULIEN XAVIER NEALS
United States District Judge